**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1085**

———————

JACQUELINE NGOMNKAP NKABYO FORGHAB,

                        Petitioner,

    versus

JOHN ASHCROFT, United States Attorney General,

                        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-602-167)

———————

Submitted:  August 6, 2004      Decided:  January 19, 2005

———————

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Oscar L. Amorow, AMOROW & KUM, P.A., Takoma Park, Maryland, for
Petitioner.  Peter D. Keisler, Assistant Attorney General, Terri J.
Scadron, Assistant Director, Hillel R. Smith, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jacqueline Ngomnkap Nkabyo Forghab, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

On appeal, Forghab raises challenges to the immigration judge's determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the record and conclude Forghab fails to show that the evidence compels a contrary result. We also note Forghab did not challenge the immigration judge's findings that she did not offer credible testimony and failed to provide corroborative evidence. Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).

Additionally, we uphold the immigration judge's denial of Forghab's request for withholding of removal. We note Forghab failed to address this issue in the argument section of her brief, and as a result has waived any challenge to the argument. See Fed. R. App. P. 28(a)(9); IGEN Int'l, Inc. v. Roche Diagnostics GmbH,

335 F.3d 303, 308 (4th Cir. 2003). In any event, the standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Because Forghab fails to show she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED